LUIS ALFREDO PARÍS GIBOYEAUX ET ALS., recurridos, *v.* FLORA RAMOS, peticionaria.

*Número:* CC-2000-1032    *Resuelto:* 5 de abril de 2002

*René Arrillaga Beléndez* y *René Arrillaga Armendáriz*, abogados de la parte peticionaria; *Eric M. Quetglas Jordán*, abogado de la parte recurrida.

## SENTENCIA

Mediante este recurso de *certiorari*, la peticionaria recurre ante esta Curia para solicitar que revisemos una sentencia emitida por el Tribunal de Circuito de Apelaciones. El foro apelativo intermedio confirmó una sentencia sumaria parcial dictada por el Tribunal de Primera Instancia. ¿Puede una parte ejecutar en un pleito de daños y perjuicios una sentencia obtenida en 1970 en otro pleito sobre división de comunidad? Ese es el asunto sometido ante nos.

### I

En el Registro de la Propiedad de Puerto Rico, Sección de Carolina, se encuentra inscrita a nombre de la Sra. Flora Ramos una finca de 1.58 cuerdas de terreno ubicada en el barrio Cangrejos Arriba del Municipio de Carolina.[1] A pesar de que en el Registro de la Propiedad aparece inscrita la finca a nombre de doña Flora Ramos, la realidad es que la propiedad pertenecía a una comunidad pro indiviso compuesta por Don Leoncio París, su esposa Doña Rita Giboyeaux y Doña Flora Ramos.[2] El antiguo Tribunal Superior, Sala de San Juan, dictó sentencia en agosto de 1959 y determinó que a los esposos París Giboyeaux le correspondía un 37.5% de participación en la comunidad y a Doña Flora Ramos le correspondía el 62.5%.[3] El 30 de abril de 1970, el antiguo Tribunal Superior, Sala de San Juan, dictó sentencia en el caso civil Núm. 64–993, *Leoncio París, y otros v. Flora Ramos*, sobre división de comunidad,[4] fundamentada en una estipulación que las partes

---

[1] Apéndice del recurso de *certiorari*, pág. 20.

[2] Íd., págs. 7 y 277.

[3] Íd., pág. 7.

[4] Íd., págs. 7–9.

realizaron en 1965, cuando el pleito comenzaba.(⁵) Mediante dicha sentencia, se le adjudicó al matrimonio París Giboyeaux una parcela de terreno, cuya cabida superficial ascendía a 1,754.20 metros cuadrados. A la Sra. Flora Ramos se le adjudicó otra parcela, cuya cabida era de 4,194.30 metros cuadrados; todo esto como equivalente de sus respectivas participaciones en la comunidad.(⁶)

El Sr. Leoncio París entró en posesión de la parcela que le fue adjudicada mediante la sentencia dictada en 1970, y la estuvo disfrutando desde entonces.(⁷) Dedicó parte de ella a la crianza de animales. Arrendó, además, tres estructuras de hormigón que ubicaban en la parcela y disfrutó de los cánones de arrendamiento que devengaron. El señor París continuó en la posesión de la propiedad hasta febrero de 1972, cuando falleció.(⁸) Esta parcela nunca se inscribió a nombre de Don Leoncio París y su esposa Doña Rita Giboyeaux.(⁹) Poco después de la muerte de Don Leoncio París, la Sra. Flora Ramos ordenó que se construyera un portón en la finca, impidiendo el paso hacia la parcela antes mencionada.(¹⁰)

Así las cosas, el 30 de agosto de 1974, la Sra. Rita Giboyeaux presentó una demanda de liquidación de sociedad legal de gananciales contra los miembros de la sucesión de su difunto esposo, don Leoncio París.(¹¹) El 24 de febrero de 1986, el antiguo Tribunal Superior, Sala de San Juan, dictó sentencia en el caso iniciado por Doña Rita Giboyeaux.(¹²) Dicho Tribunal aceptó la oferta de compra hecha por el Sr. Luis Alfredo París Giboyeaux, y dictó sentencia de

---

(⁵) Íd., pág. 11.

(⁶) Íd., pág. 8.

(⁷) Íd., pág. 55.

(⁸) Íd.

(⁹) Íd., pág. 277.

(¹⁰) Íd., pág. 55.

(¹¹) Íd., págs. 80–81.

(¹²) Íd., pág. 57.

conformidad.([13]) Como consecuencia, el señor París Giboyeaux advino dueño de las participaciones de los demás coherederos en la sucesión de su padre fallecido, el Sr. Leoncio París.

La Sra. Rita Giboyeaux falleció el 20 de noviembre de 1990.([14]) Luego de la muerte de su señora madre, el señor París Giboyeaux adquirió, mediante compra, las participaciones de sus hermanos en la herencia de su madre.([15]) De esta forma, el señor París Giboyeaux se convirtió en el único dueño, en su totalidad, de la parcela de terreno que le pertenecía a sus difuntos padres.

Una vez advino dueño de la propiedad, comenzó a hacer gestiones para venderla.([16]) Luego de varias comunicaciones infructuosas con la parte demandada de autos, conducentes a que se le permitiera acceso a la parcela de terreno, el Sr. Luis Alfredo París Giboyeaux, su esposa Judith Vicenty Ramírez, y la sociedad legal de gananciales compuesta por ambos, presentaron una demanda el 16 de octubre de 1996 ante el Tribunal de Primera Instancia, Sala Superior de San Juan, contra la Sra. Flora Ramos.([17]) En dicha demanda se solicitó la indemnización por la privación del uso y disfrute de la parcela de terreno, por la destrucción de los edificios que enclavaban en ésta y el resarcimiento por los daños y angustias mentales sufridos por los demandantes a causa de la posesión ilegal de la parcela por parte de la señora Ramos.([18]) La señora Ramos contestó la demanda el 21 de enero de 1997,([19]) estableciendo como defensas afirmativas que: (1) la causa de acción por daños y perjuicios estaba prescrita; (2) no se le incluyó como

---

([13]) Íd.

([14]) Íd., pág. 58.

([15]) Íd.

([16]) Íd.

([17]) Íd., pág. 1.

([18]) Íd.

([19]) Íd., pág. 24.

parte en el pleito de liquidación de bienes gananciales del señor París, y (3) adquirió la parcela de terreno mediante prescripción ordinaria o extraordinaria.[20] Además, presentó una reconvención en la cual solicitó la indemnización por los daños y perjuicios que le causaron los demandantes al incumplir las condiciones previas antes de poder adquirir la parcela, y que durante la liquidación de los bienes gananciales del señor París se dividieron bienes que le pertenecían a ella.[21] El 21 de julio de 1998, la parte demandante presentó una demanda enmendada para incluir una alegación relacionada a las solicitudes infructuosas que hicieron por años a la parte demandada para que segregara la parcela objeto del litigio, y para solicitar al tribunal que ordenara la referida segregación.[22] El 14 de julio de 1999 la parte demandada contestó la demandada enmendada, negó los hechos expuestos en ésta y levantó como defensa afirmativa, en síntesis, que la propiedad no le pertenecía al señor París por incumplir las condiciones previas estipuladas por las partes.[23]

El 8 de agosto de 1998 la Sra. Flora Ramos presentó una Moción de Desestimación.[24] Adujo como fundamento el hecho de que la parte demandante estaba solicitando la ejecución de la sentencia de un caso resuelto en 1970 sin cumplir con lo establecido en la Regla 51.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la cual dispone que no se puede ejecutar una sentencia luego de pasados cinco años de ser final y firme, salvo por autorización judicial. La parte demandante se opuso a la desestimación mediante escrito de 7 de octubre de 1998. Señaló la parte demandante que al caso de 1970 no le aplica la Regla 51.1 de Procedimiento Civil, *supra*, porque la sentencia en dicho

---

[20] Íd.
[21] Íd.
[22] Íd., pág. 12.
[23] Íd., pág. 28.
[24] Íd., pág. 31.

caso lo que establece es el modo y la forma de dividir la finca, por lo que no requiere ejecución.[25] Mediante Resolución de 26 de febrero de 1999, notificada a las partes el 9 de marzo del mismo año, el Tribunal de Primera Instancia resolvió que era necesario ejecutar la sentencia de 1970 y le ordenó a la parte demandante que mostrara las razones por las cuáles el tribunal debía autorizar su ejecución, pasados los cinco años de ser final y firme sin que ésta se hubiera ejecutado.[26] Mediante escrito de 22 de abril de 1999, la parte demandante compareció y adujo como fundamento para la autorización de la ejecución de la referida sentencia el hecho de que su padre usó y disfrutó de la propiedad mientras estuvo vivo, y que luego de fallecer éste, la demandada de autos cerró el acceso a la parcela. Además, utilizó como fundamento el hecho de que la sucesión estuvo implicada en pleitos de división de bienes hasta 1994.[27] La parte demandada de autos presentó una Dúplica el 25 de mayo de 1999.[28] Finalmente, el foro de Primera Instancia autorizó la ejecución de la sentencia emitida por el antiguo Tribunal Superior, Sala de San Juan, el 30 de abril de 1994 (caso civil Núm. 64–993), mediante orden notificada a las partes el 23 de junio de 1999.[29] La parte demandada de autos presentó una moción de reconsideración sobre dicha orden, alegando, en esencia, que la parte demandante no cumplió con los términos de la estipulación que dio lugar a la sentencia de 30 de abril de 1970 y que no procedía ordenar la ejecución sin permitirle presentar sus defensas de prescripción y caducidad de la sentencia.[30] La parte demandante replicó a la referida moción de reconsideración y la parte demandada

---

[25] Apéndice del recurso de *certiorari*, pág. 38.

[26] Íd., pág. 42.

[27] Íd., pág. 48.

[28] Íd., pág. 63.

[29] Íd., pág. 65.

[30] Íd., pág. 66.

de autos presentó la correspondiente dúplica.(31) Posteriormente, la Sra. Flora Ramos presentó ante el Tribunal de Primera Instancia una demanda contra terceros, en contra de los abogados del Sr. Luis Alfredo París Giboyeaux. Los terceros demandados presentaron las correspondientes mociones de desestimación alegando prescripción de la causa de acción.(32) Luego de varios trámites procesales, el Tribunal de Primera Instancia dictó sentencia parcial el 31 de mayo de 2000, copia de cuya notificación se archivó en autos el 20 de junio de 2000.(33) En dicha sentencia parcial se declaró no ha lugar la referida moción de reconsideración y se ratificó la orden dictada el 23 de junio de 1999 para ordenar la ejecución de la sentencia dictada en 1970, y se desestimó la demanda contra los terceros demandados.

Inconforme, la demandada de autos recurrió, mediante un recurso de apelación, ante el Tribunal de Circuito de Apelaciones el 20 de julio de 2000. El 31 de octubre de 2000 el foro apelativo intermedio dictó sentencia confirmando la determinación del Tribunal de Primera Instancia.(34) Se archivó en autos copia de su notificación a las partes el 9 de noviembre del mismo año.

No conforme con dicha determinación, la señora Flora Ramos recurrió ante esta Curia el 11 de diciembre de 2000, mediante el presente recurso de *certiorari*. Le imputó al foro apelativo intermedio el haber incurrido en los errores siguientes.(35)

Primer Error
Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones del Circuito Regional VII, Carolina-Fajardo (en adelante Tribunal Apelativo) al resolver que la parte demandante acree-

---

(31) Íd., págs. 145 y 162.
(32) Íd., pág. 167.
(33) Íd., pág. 198.
(34) Íd., pág. 275.
(35) Recurso de *certiorari*, pág. 15.

dora de una sentencia dictada en 1970 podría solicitar un cumplimiento en una acción independiente de [d]años y [p]erjuicios 26 años después.

Segundo Error

Erró el Tribunal Apelativo al dictar [s]entencia [s]umaria a favor de los demandantes autorizando a ejecutar la sentencia de 1970 e impedir que se presentara la defensa de usucapión o prescripción adquisitiva o inclusive dictar que no hubo interrupción civil y por tanto procedía la defensa alegada.

Tercer Error

Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones del Circuito Regional VII, Carolina-Fajardo (en adelante Tribunal Apelativo) al resolver que el Tribunal de Primera Instancia no cometió error ni abuso de su discreción al conceder la Sentencia Parcial objeto de apelación ante ellos.

Cuarto Error

Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones VII, Carolina-Fajardo (en adelante Tribunal Apelativo) al conceder como remedio una Sentencia Sumaria a los demandantes-recurridos bajo la situación procesal que se le presentó, la cual no procedía conforme a derecho.

Quinto Error

Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones VII, Carolina-Fajardo (en adelante Tribunal Apelativo) al determinar que con los hechos ante sí que [sic] no existía una controversia real sobre los hechos materiales sobre la controversia real de este caso.

El 19 de enero de 2001 expedimos el auto de *certiorari* solicitado. La parte peticionaria sometió el asunto mediante su escrito de *certiorari*. La parte recurrida presentó su alegato el 8 de junio de 2001. Con el beneficio de la comparecencia de ambas partes, resolvemos.

## II

Por estar igualmente dividido el Tribunal y habiéndose expedido previamente el auto solicitado, *se dicta sentencia*

*confirmatoria de aquella dictada por el Tribunal de Circuito de Apelaciones.*([36])

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado Señor Rivera Pérez disintió con una opinión escrita, a la cual se unieron los Jueces Asociados Señores Hernández Denton y Corrada Del Río. El Juez Asociado Señor Rebollo López no intervino.

*(Fdo.)* Carmen E. Cruz Rivera
*Secretaria del Tribunal Supremo Interina*

---

([36]) Para poder revocar una sentencia dictada por el Tribunal de Circuito de Apelaciones se requiere la concurrencia de una mayoría de los Jueces de este Tribunal que intervengan en la consideración del recurso. Regla 4(a) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI–A; *Junta Insular de Elecciones v. Corte*, 63 D.P.R. 819 (1944).